### CANE BELT RAILROAD COMPANY v. ALBERT TURNER.

Decided October 27, 1906.

**1.—Railroad in Street—Damage to Abutting Property—Evidence—Charge.**

The owner of property abutting on a street sued for damage to the same by the operation of a railroad on and along the street; the damage was alleged to be the effect of noise, dust, smoke and cinders caused by the operation of defendant's trains; the court submitted this issue of damage to the jury; the evidence showed that the engines were oil-burners and emitted no cinders. Held, under the facts and circumstances of this case, the use of the word cinders did not mislead the jury, and was harmless.

**2.—Property—Market Value—Deed as Evidence.**

On the issue of market value the defendant offered in evidence plaintiff's deed to the property involved; the bill of exception to the exclusion of this evidence failed to disclose the date of the deed. Held, if such evidence was competent, no error was shown.

Appeal from the County Court of Austin County. Tried below before John P. Bell.

*Lane, Jackson & Higgins,* for appellant.—It is reversible error for the trial court to submit to the jury an issue upon which no evidence was introduced in the trial of the case. Pumphrey v. St. Louis, I. M. & S. Ry. Co., 37 S. W. Rep., 360; Western Union Tel. Co. v. Joseph Kendzora, 77 Texas, 257; Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 474.

GILL, CHIEF JUSTICE.—Albert Turner sued the Cane Belt Railroad Company for damages alleged to have been inflicted upon certain real estate belonging to him in the town of Sealy by reason of the construction and maintenance of its road and the operation of its trains thereon. It was averred that by its construction and maintenance along and over a street upon which plaintiff's residence property abutted his lot was caused to overflow in time of rains and that thereby and also by the noise and vibration of the moving trains and the smoke, vapor, etc., emitted from the engines, the value of the property had been reduced and for this he sought a recovery.

Defendant answered by general demurrer and general denial, and also pleaded that it had constructed its road skillfully and properly and that another road had been built and was being operated over and along the street in question at the time of the construction of defendant's road and that the damage, if any, was due to the construction and operation of the first road.

There was a verdict and judgment for plaintiff for $150, from which the company has appealed.

The following conclusions of facts are sustained by the verdict: Plaintiff was the owner of property abutting on First Street in the town of Sealy. It was residence property and while he intended to make it his home it was then rented to tenants. Defendant constructed its road along the street in front of plaintiff's property. The Missouri, K. & T. Ry. Co. had already constructed and was operating a road on the side of the same street across from plaintiff's property and defendant's road was on the side next plaintiff's property. Since the construction of defendant's road the surface water overflows plaintiff's property more frequently than before and upon the fall of lighter rains. The use of the street is obstructed to a proportionately greater degree and the passing trains emit some smoke and vapors and make the usual noise and vibration. All this has affected the market value of the property to the amount of the verdict.

But three assignments of error are urged. The first, as interpreted by its proposition, is that the court erred in submitting as an element of damage the effect of noise, dust, smoke and cinders caused by the operation of defendant's trains because there is no evidence upon the point. The evidence showed that defendant's trains were operated along and in front of plaintiff's house on the side of the street next thereto and that the engines were oil burners and emitted some smoke and gases. That an engine can not be operated without some noise, dust and smoke may be said to be a matter of common knowledge, but there was evidence that other engines in passing caused all these things and it may fairly be said that there was evidence upon each item except the emission of cinders. We have concluded that under the facts and circumstances of this case the use of the word did not mislead the jury and brought no harm to defendant.

On the issue of the market value of the property defendant offered in evidence the deed whereby the property was conveyed to plaintiff and especially that part disclosing that the consideration was $450 and it was excluded upon objection of plaintiff. This action of the trial court is assigned as error. The bill of exceptions does not disclose the date of the proffered deed so that if it were generally admissible upon the issue, we can not say from this record that its date was not so remote as to render it altogether valueless as evidence.

We have found no harmful error in the record. The judgment is therefore affirmed.

*Affirmed.*